STATE, MIDLAND TERMINAL FERRY COMPANY, PROSECU-
TORS, v. THOMAS J. DOBBS, COLLECTOR OF TAXES OF
UNION TOWNSHIP ET AL.

The only instance where a justice, other than the one who issues an origi-
nal tax warrant, can issue an *alias,* is when a request is made for the
issuing of the second writ by the township committee.

On *certiorari.*

This writ brings up the assessments and tax warrants issued
thereon against two ferry-boats assessed for the years 1876 and
1877, as the property of the Midland Terminal Ferry Com-
pany.

Argued at November Term, 1879, before Justices WOOD-
HULL and REED.

For the prosecutors, *J. B. Vredenburgh.*

For the defendants, *F. McGee.*

The opinion of the court was delivered by

REED, J.   The reasons in this cause are directed to the
alleged invalidity of the tax warrants issued for the collection
of these taxes, under which a levy has been effected upon two
boats of the prosecutors.

It appears from testimony taken in the cause that these
warrants are not the first issued for the collection of these
taxes.   The original warrants were dated respectively, the
one for the collection of the taxes of 1876, January 8th, 1877,
and the other, for the collection of the taxes of 1877, January
15th, 1878.

These warrants were issued by H. S. Short, a justice of the
peace of the county of Hudson.   The warrants were delivered
to August Glanders, who was collector of taxes for the town-

ship of Union, in Hudson county, during the years 1876 and 1877. His term expired in April, 1878.

At the expiration of the term of August Flanders, Thomas S. Dobbs was elected collector of the township of Union, and Flanders turned over these warrants to Dobbs, who says that he, by the authorization of the township committee, turned them over to the township clerk.

The history of these warrants stops here. The new warrants—the warrants now attacked—were issued to Thomas Dobbs, the new collector of Union township, by Charles Wellman, a justice of the peace of the county. One bears date November 18th, 1878, the other December 20th, 1878.

By the tax act, the only instance where a justice, other than the one who issued the original warrant, can issue an *alias*, is when a request is made for the issuing of the second writ by the township committee. *Rev., p.* 1161, § 98.

It appears that no such request was made. The justice had no authority to issue the writs without such request.

As to the position of the defendants that there is no evidence that these boats levied upon by virtue of the said writs were the property of the prosecutors, I think, *first*, that, upon this proceeding, the defendants cannot take the position that their levy upon this property is valid (under a warrant to collect the taxes of delinquents) to collect the taxes of the prosecutors, and yet that the boats are not the prosecutors' ; *second*, that the prosecutors can attack the validity of the tax warrant issued against them as delinquents, without regard to the actual levy upon any particular property, and previous thereto.

I think the tax warrant should be set aside, as to the prosecutors, with costs.